HILL, Circuit Judge,
dissenting:
Tony Nelson concealed his financial relationship with SSI from JaxPort. This was *515 not a crime. The investigation of him and the indictment against him, however, were instigated at a time when such concealment was thought by all to be a crime. After Skilling, we know that it never was. Nelson’s concealment of a financial interest in SSI was not a violation of his fiduciary duty to JaxPort. It did not deprive JaxPort of his honest services.[1]
Nevertheless, Nelson was convicted of honest services fraud. The evidence was that he was told that, as a part-time, unpaid member of JaxPort Board, he could lawfully advocate on behalf of SSI — as a paid lobbyist, just as was Fiorentino — and he did so. The evidence was that he was told he could not vote on any matter involving SSI and that he did not do so.[2] The evidence was that no economic harm befell JaxPort as the result of Nelson’s lobbying for SSI.[3]
So the question becomes, where is the crime here? The only difference that I can see between what the government says is the innocent conduct of Fiorentino and the guilty conduct of Nelson is that Nelson concealed his relationship with SSI. This is not a crime. Skilling flatly rejects such a theory of honest services fraud.
The majority opinion correctly states that in order to be guilty of honest services fraud, the jury had to find that “Nelson voluntarily and deliberately engaged in unlawful conduct.” But then it goes on to say that “Nelson had to know that accepting payments from SSI in exchange for representing the company’s interest at JaxPort was something that the law forbids.” But this is not so. The law did not forbid Nelson from representing SSI’s interests — only from voting on any matter affecting them, which he did not do.
So, once again — where is the crime here?
As a result of Skilling, I believe that a financial concealment case morphed into a bribery prosecution. The only remaining problem — but a pretty significant one— was that Nelson had been told that he could accept payment from SSI to advocate on its behalf in connection with the JaxPort. His agreement with SSI to do so — and to receive payment for doing so[4]— cannot be a bribe if it is permitted. Therefore, the government’s theory became that the concealment of his financial relationship — although not a crime in itself — was evidence that Nelson’s intent in *516 accepting payment was corrupt, making otherwise legal payments illegal- — a bribe.
There are two problems with this theory. The first is a legal objection and the second a failure of proof.
First, the government failed to prove Nelson had a corrupt intent to be bribed. The government proved only that Nelson sought to conceal his relationship with SSI — not why. Contrary to the majority opinion, the government did not prove that Nelson thought what he was doing was illegal. The word “bribery” does not appear anywhere in the FBI agent’s notes of her interviews with Nelson. She admitted at trial that those notes contain Nelson’s statement that he “now” knows that the payments were “wrong.”[5] The word “now” was underlined three times by the agent. Clearly Nelson sought to hide the SSI payments. I do not know why. But neither does anyone else — least of all the jury. Perhaps tax evasion was his motive. That is a crime; just not the crime charged here.
Second, and more importantly, concealment alone is legally insufficient to prove Nelson had corrupt intent to be bribed. If Nelson had no duty to disclose his financial relationship with SSI, as Skilling says, and the payments were permitted, as he was told, then the jury was not permitted to infer a corrupt intent to be bribed by his concealment. The government’s theory was that — although concealment is not a crime — it was evidence of corrupt intent and this mens rea turned lawful lobbying into unlawful bribery. I disagree. Bribery requires a corrupt agreement to perform an unlawful official act — an actus reus. In this case, Nelson agreed to perform a lawful act. The lobbying was permitted. An agreement to perform a lawful act is called a contract, not bribery. Even if the government had proved a mens rea, I don’t believe that it proved an actus reus in this case.
In my view, the jury instructions in this case were fatally defective. The jury was instructed that Nelson had a duty to Jax-Port, the existence of which is an essential element of the crime of honest services fraud. But they were never enlightened as to the nature and limits of this duty. The unique circumstance of this case — that Nelson was a part-time, unpaid member of the board, fully entitled to lobby JaxPort on behalf of SSI and to be paid for those efforts — required that the jury be carefully instructed as to the limits of his duty to JaxPort. That was not done. If it had, maybe he would have been acquitted.
Nor did the instructions require the jury to find any corrupt intent apart from Nelson’s concealment of his relationship with SSI. If his acceptance of payment was not unlawful, then the only evidence upon which the jury could have concluded that he had a corrupt intent in accepting them was that he concealed them. But we know that concealment cannot be the crime here.
The majority says that if these instructions were error, the error was not plain. I disagree. Failure to adequately instruct the jury on the scope of Nelson’s duty to JaxPort — -an essential element of the crime of honest services fraud — and the necessity to find a violation of that duty is fatal to the verdict. Failure of the instructions to require the jury to find that he had a corrupt intent — apart from his concealment of a financial interest in SSI — was also fatal to the verdict.
For these reasons, I respectfully dissent.

. During the time of misapprehension by many that concealment would be criminal, FBI agents made an early-morning, unannounced call on Nelson at his home. One agent questioned him and another made notes. During the meeting, Nelson admitted that he had not told JaxPort of his relationship with SSI. This concealment would have been seen as enough for a prosecution at the time. Thereafter, Skilling was decided; the prosecution became one for bribery.

. I am troubled by the concurrence’s reference to Jacksonville General Counsel’s advice to Nelson that he was permitted to be a paid lobbyist for SSI so long as he did not vote as a "rubber stamp” opinion. The reference implies that there was something wrong or lacking in the opinion and there is no evidence in the record to support such an inference. Furthermore, if Nelson was not entitled to rely on Jacksonville’s rules — as interpreted by its own lawyer and regarding its own entity — to guard that his behavior was not in violation of those rules, then how is any local official safe from federal prosecution based on its own interpretation of those rules.

. The concurrence notes that Nelson helped SSI get a change order. This is no evidence of wrongdoing — the testimony was that SSI was due the change order and the additional payment. Nelson’s conduct in assisting SSI to get the change order, therefore, could not be a violation of his duty to JaxPort.

. It should be noted, I think, that Nelson received payment monthly whether he accomplished anything or not.

. The concurrence notes that Young testified that he thought the payments were bribes, but Young's mens rea cannot be used to convict Nelson.